Dear Marshal Caldwell:
You have asked this office to advise whether you may supplement your salary or the salaries of your deputies from the fees established by La.R.S. 33:1704.[1]
The compensation paid to city marshals throughout the state is generally addressed in La.R.S. 13:1883. The compensation paid the Shreveport City Marshal is specifically addressed in La.R.S. 13:1883(A)(14) and (E), as follows:
 A. The marshals of the city courts enumerated in this Subsection shall receive as compensation for their services the following minimum salaries, payable monthly on their own warrant and which, except as otherwise indicated, shall be paid in equal proportions by the respective governing authorities of the city and parish where the court is located:
 *** (14) Shreveport . . . . . $12,500 (by city only).
 *** E. The governing authority of the city of Shreveport may increase the compensation of the marshal of the city court in such amount over and above that fixed by Subsection A of this section as it may determine.
La.R.S. 13:1883(D) goes on to authorize certain city marshals to receive those fees listed in La.R.S. 33:1704. See
La. Atty. Gen. Op. 09-0202, copy attached. However, with regard to the marshals of the city courts of Lafayette and Shreveport, La.R.S. 13:1883(D) states: *Page 2 
 D. The marshals of the city courts enumerated in Sub-sections A, B, and C of this section, except the marshals of the city courts of Lafayette and Shreveport, shall also receive the same fees as are payable to constables of justice of the of the peace courts.
La.R.S. 33:1704 sets forth the applicable fee schedules relevant to the marshals of the city courts enumerated in La.R.S. 13:1883(D). However, the provisions of La.R.S. 13:1883(D) specifically except the marshal of the city court of Shreveport (along with the marshal of the city court of Lafayette) from receipt of those same fees. Accordingly, it is the opinion of this office that state law does not authorize your receipt of the fees listed under La.R.S. 33:1704, which makes the issue moot regarding whether or not you could supplement your salary or the salaries of your deputies from these funds.
However, we would also point out here that La.R.S. 13:1881(B) specifically prohibits a city marshal from supplementing or fixing his own salary, as this statute provides "nothing herein shall authorize the city marshal to fix or supplement his own salary." In accord is La. Atty. Gen. Op. 10-0054, a copy of which is attached for your reference.[2]
Again, the pertinent provisions relative to the City of Shreveport marshal's salary is contained in Subsections (A) and (E) of La.R.S. 13:1883. Subsection (E) authorizes the City of Shreveport to increase your compensation as marshal as the governing body of the City may determine.
Regarding supplementing the salaries paid your deputies, we point out the provisions of La.R.S. 13:1881 (B), which provide the following:
 B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals or to employ additional deputies.
However, nothing herein shall authorize the city marshal to fix *Page 3 
or supplement his own salary. In no event shall the salary of any deputy exceed that of his city marshal.
[Emphasis added.]
Accordingly, La.R.S. 13:1881 (B) permits you as the city marshal to use the funds available for expenses of your office "including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899," to supplement the salaries of your deputy marshals.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_________________ KERRY L. KILLPATRIOK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 33:1704 contains a list of fees payable to constables and marshals in civil matters.
[2] In Opinion 10-0054, this office advised that, pursuant to La.R.S. 13:1881(B), the City of Baker's Chief of Police, acting as marshal, could not supplement his own salary with funds collected by the Baker City Court and deposited into the "marshal fees" account.